Westbrook, J.
The defendant, Thomas J. Rourke, was indicted on the 23d of June, 1882, by a grand jury of the court of sessions of Albany county, under section 14 of chapter 576 of the Laws of 1881, the accusation being that he aided and abetted sundry persons, not legal voters, in procuring their names to be registered as legal and qualified voters in the southern election district of the seventh ward of the city of Albany.
While the term of the court of sessions of Albany county, at which the indictment was found, was being held, upon an affidavit declaring that grave and difficult legal questions would arise upon the trial of the indictment, his counsel procured from the judge writing this opinion, a stay of proceedings pending this application, and now moves to have said indictment sent to the oyer and terminer for trial.
The grounds upon which the removal is sought are: 1st. That a grave question exists as to the constitutionality of the law (chapter 532 of the Laws of 1881), under which the grand jury, which found the indictment, was organized. 2d. That as the law, which defines the offense, provides, that on conviction thereof, the accused may be punished “by imprisonment in the State prison for not less than one year,” he may, if convicted, be punished by imprisonment in a State prison for life, as the maximum of punishment is not limited ; and, 3d. That owing to the local excitement growing out of the recent charter election held in the city of Albany, and upon the registry in preparation for which the accusation against him is made, he cannot obtain a fair trial in the court of sessions. Comments upon each of these positions will be made.
First. The alleged unconstitutionality of chapter 532 of the Laws of 1881, under which the grand jury, presenting the indictment, was organized.
It is conceded that the constitutionality of such a *91 law does present a very grave and difficult question. That question, however, has already been raised and decided in the court of sessions against the accused. The removal of the indictment to the oyer and terminer, for trial, would not change the status of the case. It would simply transfer it to be heard upon the remainder of the action to be taken. When the motion to quash the indictment was made in the sessions, that court had full jurisdiction to hear and decide it, and as the removal, if made, is not an appeal, but simply an order fór a trial elsewhere, the decision of the sessions upon the motion to quash would be res adjudícala in such trial court. The error, if any was committed, can only be corrected on appeal.
Second. As to the extent of the punishment whiqh may be inflicted if a conviction is had, the counsel for the prisoner are probably correct (3 R. S. 990, § 12 [6 ed.]; Penal Code, § 696), but it can hardly be said that this constitutes any just cause for the removal of the indictment. It is scarcely supposable that a statute of this character, which imposes as the minimum of punishment the term of one year, would be so interpreted as to justify an imprisonment for life. The discretion to be exercised in the infliction of punishment, in the event of conviction, can safely be committed to the court of 'sessions.
Third. As to the alleged difficulty in procuring a fair trial in the court of sessions owing to the local excitement.
• This objection would be - equally applicable to the oyer and terminer. It really relates to jurors, and not to the court. In both a court of sessions and an oyer and terminer held in the county of Albany, the same class of men will be jurors, and it would be a sad reflection upon the judges of the court of sessions, if without specific charges as to their competency, growing out of political or social sympathies, it should be *92 held, that because they were residents of a locality, they were incompetent to try an indictment so simple as this.
In the case.of People v. Sessions (10 Abb. N. C. 192) it was held, that the high official position occupied by the accused, the grave and difficult legal questions involved, and the bitter partisanship, growing out of the transactions on which such indictment was predicated, and extending over the whole republic, justified the removal. In the present case, however, with the exception of the question already determined, there are really no difficult legal questions involved, and nothing is presented which would justify a removal. Before, doubtless, the indictment can be tried, the point made upon the act of 1881 will be determined by the supreme court at general term in another case, the appeal in which is now pending, and is to be argued on the first Monday in September next, which decision must eventually control the present indictment.
Having determined to refuse this application for the removal of the indictment, nothing need be added; but the situation of this indictment, and the proceedings which were being had thereon, when the stay to make this motion was granted, justify a few remarks upon the praccice in granting stays for purposes of this character.
By section 347 of the Code of Criminal Procedure, a judge is authorized to grant a stay to enable a party to make a motion to remove the indictment for trial, without notice to the district-attorney. As a rule, however, this should not be done. It is very easy to notify that officer of an intended application, even though such application be immediate. The affidavit should also state with precision and accuracy, the exact situation of the indictment, the steps already taken in the court from which removal is sought, and the supposed intended action in such court, while the application for *93 the stay is being made. The observance of these two rules (and they will be hereafter observed by the judge writing this opinion), will prevent any improper interference with the discretion of the court in which the indictment is pending. While no reflection is intended upon the counsel of the prisoner, it is proper to say, if the judge who granted the stay in this case had known that the court of sessions had overruled the objection taken to the indictment, founded upon the jury law for the county of Albany, and was even then entertaining a motion, addressed to its discretion, to postpone the trial of the indictment, such stay, which ex parte deprived that court of its discretion as to a trial, would not have been granted.