PEOPLE v. CLARK et al.

*(Supreme Court, Special Term, New York County. April, 1891.)*

1. REMOVAL OF CRIMINAL CAUSE—POSITION AND CHARACTER OF DEFENDANT.
    The high character and political prominence of defendants is not "good cause" for which, under Code Crim. Proc. N. Y. § 344, an indictment will be removed for trial from the court of general sessions to the court of oyer and terminer.

2. SAME—FAIR TRIAL—PUBLIC CLAMOR.
    Nor will such removal be made on the ground that the probability of defendants having a fair trial has been affected by public clamor, since such clamor could not affect the judges of the general sessions any more than the judges of any other court, and it could not affect the jurors in the general sessions more than those in the court of oyer and terminer, the jurors for each court being drawn from the same box and selected from the same body of citizens.

3. SAME—GOOD CAUSE—VIOLATION OF CAR-HEATING ACT.
    An indictment against the officers of a railroad company for violating the car-heating act, (Laws N. Y. 1887, c. 616, as amended by Laws 1888, c. 189; Laws 1889, c. 76; and by Laws 1890, c. 421,) involves such important questions as to constitute "good cause" (Code Crim. Proc. N. Y. § 344) for removal from the court of general sessions to the court of oyer and terminer, so that a trial may be had before one of the justices of the supreme court, on account of their familiarity with railroad law.

4. SAME—ADJUDICATION ON CHARGING GRAND JURY.
    The fact that the district attorney, in opposition to the motion for the removal of an indictment from the court of general sessions to the court of oyer and terminer, contends that the questions involved, though novel and important, have already been adjudicated in the general sessions by the charge of the judge of that court to the grand jury, is "good cause," under Code Crim. Proc. N. Y. § 344, for the removal of the indictment to the court of oyer and terminer.

5. SAME—DELAYING TRIAL.
    The removal of an indictment from the court of general sessions to the court of oyer and terminer (Code Crim. Proc. § 344) will not be denied merely on the ground that the removal will delay the trial until another term.

At chambers. Indictment against Charles P. Clark and others for violating the car-heating act, (Laws N. Y. 1887, c. 616, as amended by Laws 1888, c. 189; Laws 1889, c. 76; and Laws 1890, c. 421.) This act (section 1) forbids the heating of passenger cars by a stove or furnace inside the cars. Section 3 provides that "any person or corporation violating any of the provisions of this act shall be liable to a penalty of $1,000, and to a further penalty of $100 for each and every day during which such violation shall continue." Section 5 declares that "the violation of any of the provisions of this act will be deemed a misdemeanor." For decision on motion to strike out certain counts of the indictment and on demurrer, see 14 N. Y. Supp. 642.

*De Lancey Nicoll*, for the People. *Page & Taft*, *(John M. Bowers*, of counsel,) for defendants.

PATTERSON, J. This is an application to transfer for trial and indictment from the court of general sessions of the peace of the city of New York to the court of oyer and terminer. It is made under the authority of a provision of the Code of Criminal Procedure,[1] by which provision the rule of law which at one time obtained has been changed, so that, instead of the removal being a matter of right, it is dependent upon good cause being shown to the satisfaction of the justice of the supreme court sitting at special term, to whom the application is made. The question to be determined in this case is whether or not such good or sufficient cause has been shown. The application is based upon several grounds, some of which I consider to be altogether untenable. While it has been stated in certain of the cases cited by the counsel for the defendants that the high character and political prominence of individuals

---

[1] Code Crim. Proc. N. Y. § 344, provides that "a criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed * * * from a court of sessions or a city court to the court of oyer and terminer of the same county, for good cause shown."

may be taken into account in motions of this kind, it is not held that such circumstances alone constitute good cause for the removal of an indictment. I do not consider that such expressions in the opinions of other judges sitting at special term, even if they can justify the inference sought to be drawn from them, are binding at all, and I do not assent to any rule that may be supposed to result from such suggestions.   There can be no accidents of life which would entitle one class of persons under indictment to be tried in a tribunal of their own selection simply because they happened to be prominent politically in the community, or of high personal worth and character.

There is another ground also urged in support of the motion, which cannot be made available in this case, and that is, public clamor as affecting the probability of the defendants having a fair trial in the court of sessions.   On looking over all the papers, I find nothing whatever which justifies the assertion that the rights of these defendants have been prejudiced by newspaper criticism, or by any attempt to influence by outside pressure the action of the court.   But, even if that were so, that influence which is supposed to operate against a defendant could not affect the judges of the court of sessions. any more than judges of any other court, and, if it is to be regarded as relating to jurors only, it would certainly affect these in the court of oyer and terminer quite as much as those in the court of sessions; for they are drawn from the same box, and are selected from the same body of citizens.

But, on a careful consideration of all there is involved in this indictment, I am satisfied the cause should be removed to the court of oyer and terminer for other reasons; and the first is the novelty and gravity of the questions of law involved, and which must necessarily arise on the trial or on demurrer to the indictment, and which require most serious attention and examination. On the case as presented on the argument by the respective counsel, I have no hesitation in saying that those questions are not only important, as the district attorney concedes, but they are surrounded with grave doubts; and I think the defendants are entitled, in view of their novelty and importance and the manner in which they arise, to have the trial take place in a court presided over by one of the justices of the supreme court, all of whom have experience in the law of railway corporations, and familiarity with the construction of the statutes which will require consideration on the trial of this indictment.   This will give to both sides a benefit which, from the general course and character of the business transacted in the court of general sessions, might not be available there.

I am particularly impressed with the views above stated, upon a consideration of the argument made by the district attorney, who, while conceding the importance of the questions involved, has urged, in argument in opposition to this motion, that the novel, doubtful, and perplexing questions arising on this indictment have already been determined, and must stand as adjudicated in the court of sessions in what was stated by the learned judge of that court, who instructed the grand jury with reference to this concrete case before the indictment was found.   On such a contention by the district attorney, viz., that the law of the case has already been made in the court of sessions before indictment and without a hearing, and that it is a binding adjudication, it would seem that little argument is required to maintain the proposition that good cause has been shown why the removal to the oyer and terminer should be ordered.   The learned judges of the court of sessions may not take the same view that the district attorney does of the effect of the instructions to the grand jury referred to; but it is sufficient to say that the defendants in the indictment, whoever they may be, should not be compelled to go to trial in a court in which the prosecuting officer claims that judgment upon questions of law has already virtually been pronounced in advance, and before a hearing has been had.   In the *Rourke Case*, 11 Abb. N. C. 89, the removal was refused because the court in which the indictment was pending

had already passed upon the questions of law involved, on a motion to quash the indictment, and hence, of course, after full hearing and discussion. The remedy, under such circumstances, was by appeal in the regular way, and not to review, on a transfer of the cause, the decision of one court of first instance in another. But this case is altogether different, and that cited has no application.

It is further said, in answer to this motion, that delay will be occasioned, and the trial must necessarily go over. That is a minor consideration, but, in view of the present business before the court of oyer and terminer and its session, I think there would be no difficulty in the trial being brought on at once. That court is now in session, and on application of the district attorney would very probably be continued, and a recess taken until he can be enabled to prepare his case and present it properly, if he is not ready now. Motion to remove to the court of oyer and terminer granted.