(35 Misc. Rep. 558.)

PEOPLE v. SCANNELL, Fire Commissioner, et al. (two cases).

(Supreme Court, Special Term, New York County. July, 1901.)

1. CRIMINAL LAW—REMOVAL OF INDICTMENTS.
   Removal of indictments from the court of general sessions of the peace in and for the city and county of New York is a matter of right where good cause is shown.

2. SAME—GROUNDS.
   The fire commissioner of the city of New York, who was individually indicted for felonies affecting his official conduct, and also for conspiracy with another defendant to defraud the city in the matter of bids for fire department work, alleged that in all his transactions he acted on the advice of the corporation counsel, and the defense showed that difficult and important questions of law were involved, and defendants asked for a removal of the indictments from the court of general sessions to the supreme court. Held, that the removal will be allowed.

John J. Scannell, fire commissioner of the city of New York, and William L. Marks, were indicted for conspiracy. Motion to remove indictments into the supreme court for trial. Applications granted.

See 72 N. Y. Supp. 449.

Myers, Goldsmith & Bronner, for the motions.

Eugene A. Philbin, Dist. Atty., opposed.

McADAM, J. On June 28, 1901, two indictments were found by the grand jury of the court of general sessions against the defendant John J. Scannell, charging him with certain felonies and misdemeanors affecting his official conduct as the fire commissioner of the city of New York. Simultaneously therewith, the grand jury indicted the said Scannell and William L. Marks for conspiracy, the indictment charging that, as the result of such conspiracy, Marks was, at the expense of the city, to be favored in the awarding of bids for fire department work. This last indictment covers 91 typewritten pages. It is needless to say that the cases are important ones, not only to the people of the state, but to the defendant Scannell, who, if convicted, must not only suffer imprisonment, but lose his office, and be forever disqualified from holding any other office. The defendants apply to remove the trial from the court of general sessions to this court because of the character of the cases, the

high public position of the official, the publicity and notoriety already given and incident to the charges, and because grave and difficult legal questions are involved that ought to be passed upon in the first instance by the supreme court. Another circumstance that gives importance to the trial is that the defendant Scannell claims to have acted in all the transactions which are called in question by the advice of the law officer of the city government, to whom he was required to appeal in all cases in which he needed advice affecting his duties. Various difficult questions of law will arise in regard to Scannell's duties in awarding contracts on behalf of the fire department, and as to the extent to which said defendant is protected by the advice of the corporation counsel. The voluminous papers presented for and against the application conclusively demonstrate the gravity of the charges and the importance of the legal questions involved. The application is clearly brought within the authorities which hold that, under such circumstances, good cause for the removal of the indictments into this court exists. See People v. Sessions, 10 Abb. N. C. 192; People v. Rourke, 11 Abb. N. C. 89; People v. Squires, 1 N. Y. St. Rep. 534; People v. Clark (Sup.) 15 N. Y. Supp. 79. The power of removal is unquestionable. Code Crim. Proc. §§ 344, 346. Upon the argument the learned district attorney suggested that the granting of the application would be a reflection upon the judges of the court of general sessions. Such a suggestion has never been made before, although the power has been exercised for many years; nor has the removal of a cause from an inferior court into this court ever been so regarded. It is common practice to remove cases from the supreme court into the United States courts, and from the municipal courts into the city court; and such removals have never been regarded as reflections upon the justices of the courts from which the removals were made. Nor have removals on certiorari or appeal been considered as undignified to the inferior tribunal, no matter what result followed. The fact that the statute gives a right of removal for good cause shown entitles a party in a proper case to such removal, and, if there is any reflection, it is one of legislative origin. The district attorney is fearful of the delay that may result from a removal. There is no ground for such fear. The appellate division has already assigned Mr. Justice Fursman, one of the ablest criminal judges in this state, to hold supreme court, part 1, during September next; and if, in the opinion of the district attorney, the public interests require that an earlier date be set for trial, the appellate division or the governor, upon the mere suggestion of the district attorney, may assign a justice for the immediate trial of the indictments. As the cases are clearly within the rules laid down by the authorities before cited, the applications will be granted.

Applications granted.